**Glenny Nicholas TENDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72416.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

Albert C. Lum, Sr., Esquire, Law Office Of Albert C. Lum Pasadena, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel Ice, Office Of The Chief Counsel Department Of Homeland Security, San Francisco, CA, Kerry Ann Monaco, Trial, DOJ—U.S. Department Of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Glenny Nicholas Tenda, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion for reconsideration. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for an abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we deny in part and dismiss in part the petition for review.

Tenda contends the BIA abused its discretion in denying his motion for reconsideration of his application for withholding of removal in light of this court's decisions in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir.2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir.2010). We reject Tenda's argument in light of our prior decision, *Tenda v. Mukasey*, 299 Fed.Appx. 635 (9th Cir.2008), in which this court applied the disfavored group analysis to Tenda's withholding of removal claim based on his status as an Indonesian Christian and rejected it. This court lacks jurisdiction to review Tenda's claim that he is eligible for withholding of removal as an ethnic Chinese Indonesian because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 674, 678 (9th Cir.2004). We also lack jurisdiction to review his argument that he faces an individualized risk of persecution due to his United States citizen son. *See id.*

Further, we deny Tenda's motion to take judicial notice of the two versions of the 2010 U.S. Department of State International Religious Freedom Report for Indonesia. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

Finally, we reject Tenda's requests that the court reconsider its stance regarding a pattern or practice of persecution or require the BIA to reconsider his motion on this basis.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.